IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CLARENCE WALLER, | ) | |
|---|---|---|
| Plaintiff, | ) | 16 C 8003 |
| v. | ) | Judge John Z. Lee |
| AXIOM PROPERTIES, INC.; ARBORS APARTMENTS, LLC; JERIKA GOIKE; JOSH KENNEDY; and BARBARA DITZENBERGER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarence Waller has sued Axiom Properties, Inc. and Arbors Apartments, LLC, as well as individuals Jerika Goike, Josh Kennedy, and Barbara Ditzenberger. Waller alleges race discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), as well as race discrimination in violation of the Illinois Human Rights Act (IHRA), 775 Ill. Comp. Stat. 5/1 *et seq.* (Count II). Defendants move to dismiss the complaint. For the reasons set forth herein, Defendants' motion to dismiss is granted in part and denied in part.

## Factual Background

From October 2013 to July 2015, Plaintiff Clarence Waller worked as a leasing consultant at Arbors Apartments, LLC. Compl. ¶ 15, ECF No. 1. Arbors Apartments serves as a property management company for Axiom Properties, Inc., which operates and manages residential buildings throughout Illinois, Wisconsin,

and Indiana. *Id.* ¶¶ 7, 14. As a leasing consultant, Waller's responsibilities included showing apartment units to prospective tenants, assisting in daily inspections, and maintaining reports. *Id.* ¶ 16. In general, Waller was scheduled to work six days per week. *Id.* ¶ 20.

During Waller's employment at Arbors Apartments, he was supervised by Assistant Manager Jerika Goike. *Id.* ¶ 8. In turn, Goike's supervisor was Regional Manager Josh Kennedy. *Id.* ¶ 9. Barbara Ditzenberger was the Head of Human Resources at Axiom Properties. *Id.* ¶ 10.

Waller is African American. *Id.* ¶ 18. He alleges that throughout his employment at Arbors Apartments, Goike regularly made derogatory comments to Waller about his race. *Id.* ¶¶ 31–35, 69. These comments were made in front of both residential tenants and other employees at Arbors Apartments. *Id.* ¶ 24. Waller repeatedly asked Goike to stop making these comments, but Goike ignored his requests. *Id.* ¶ 36. Waller also left several voice messages with Kennedy to report Goike's comments, but Kennedy did not return Waller's calls, and Ditzenberger likewise did not respond when Waller raised his concerns with her. *Id.* ¶¶ 39, 53–54. In the meantime, Goike's derogatory racial comments continued on a daily basis. *Id.* ¶¶ 31–35, 58.

On July 15, 2015, Ditzenberger terminated Waller from his employment. *Id.* ¶ 60. Shortly before his termination, Kennedy told Waller that he had broken company policy, but Kennedy did not specify which policy Waller was accused of having broken. *Id.* ¶ 59. Waller asserts that his employment was terminated

"without provocation," and that Defendants discriminated against him on account of his race over the course of his employment. *Id.* ¶¶ 68–69, 72.

## Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint "need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a court must accept as true all well-pleaded allegations in the complaint and must draw inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081.

## Analysis

Defendants raise two arguments in support of their motion to dismiss.[1] First, Defendants argue that Waller's Title VII and IHRA claims must be dismissed because Waller failed to timely file a charge with the Equal Employment Opportunity Commission (EEOC). Mot. Dismiss at 4–7, ECF No. 6.

Under 42 U.S.C. § 2000e-5(e)(1), a charge of employment discrimination in violation of Title VII must be filed with the EEOC no more than 300 days after the

---

[1] Defendants have fashioned their motion as a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). None of their arguments, however, involves a challenge to the Court's subject-matter jurisdiction under Rule 12(b)(1). The Court therefore treats the entirety of Defendants' motion as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

3

alleged unlawful employment practice. *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007). Similarly, under the IHRA, a charge must be filed with either the EEOC or the Illinois Department of Human Rights (IDHR) no later than 180 days after the alleged unlawful employment practice. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 886 n.2 (7th Cir. 2016) (citing 775 Ill. Comp. Stat. 5/7A-102(A)(1), (A-1)(1)).

Failure to timely file an administrative charge with the EEOC is an affirmative defense. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009). But it is well established that "a plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Chi. Bldg. Design v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014)); *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014). Accordingly, at the motion to dismiss stage, "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid," *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). As such, dismissal based upon the affirmative defense of failure to timely file a charge with the EEOC is appropriate only when the allegations in the complaint unambiguously establish the elements of the defense, such that the plaintiff pleads himself out of court. *Stuart*, 771 F.3d at 1018; *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 849 (7th Cir. 2015).

Here, Defendants assert that Waller's Title VII and IHRA claims should be dismissed as time-barred because Waller did not file a signed charge of race

4

discrimination with the EEOC until April 14, 2016. Mot. Dismiss at 2. Waller's complaint, however, does not contain—and is not required to contain—factual allegations regarding whether and when Waller filed charges of race discrimination with the EEOC or IDHR. *See Stuart*, 771 F.3d at 1018. Although Defendants may prevail at the summary judgment stage, Defendants' attempt to dismiss Waller's claims on this basis is unavailing.

Defendants' second argument is that Waller's Title VII claim should be dismissed with respect to Goike, Kennedy, and Ditzenberger on the ground that Title VII does not contemplate liability for individuals serving as an employer's agents. Mot. Dismiss at 8. In response, Plaintiff expressly concedes that there is no individual liability under either Title VII or the IHRA. Resp. at 9, ECF No. 12. Plaintiff's concession is consistent with relevant precedent. *See Passananti v. Cook Cnty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)) ("Title VII authorizes suit *only* against the employer. Individual people who are agents of the employer cannot be sued as employers under Title VII."); *Washington v. Univ. of Ill. at Chi.*, No. 09 C 5691, 2010 WL 1417000, at *3 (N.D. Ill. Apr. 2, 2010) (noting that there is no individual liability under Title VII or the IHRA). The Court therefore grants Defendants' motion to dismiss Counts I and II with respect to Goike, Kennedy, and Ditzenberger. In all other respects, however, Defendants' motion to dismiss is denied.

## Conclusion

For the reasons stated herein, Defendants' motion to dismiss is granted in part and denied in part. Counts I and II are dismissed with prejudice as to individual defendants Goike, Kennedy, and Ditzenberger. In all other respects, Defendants' motion to dismiss is denied. As such, Waller may proceed with his claims in Counts I and II against defendants Axiom Properties, Inc. and Arbors Apartments, LLC. Waller is also given leave, per his request, to file an amended complaint within fifteen days of the entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**  ENTERED 1/17/17

*/s/ John Z. Lee*

_____
**John Z. Lee**
**United States District Judge**